ORIGINAL

# In the United States Court of Federal Claims

No. 17-1069C

(Filed: December 12, 2017)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| LUIS IVAN POBLETE, | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

**FILED**

**DEC 1 2 2017**

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

WHEELER, Judge.

Louis Ivan Poblete, a *pro se* plaintiff, seeks relief in this Court for alleged unlawful acts committed against him in connection with a District of Columbia foreclosure and eviction action. Shortly after filing his complaint with the Court, Mr. Poblete moved to amend his complaint pursuant to Rules 15(a)(1) and 15(a)(2) of the Court of Federal Claims ("RCFC"). Dkt. No. 5. The Government opposed Mr. Poblete's motion to amend on September 5, 2017, Dkt. No. 6, and filed a motion to dismiss Mr. Poblete's original complaint for lack of subject matter jurisdiction on October 5, 2017. Dkt. No. 9. For the reasons explained below, the Court DENIES Mr. Poblete's motion to amend his complaint and GRANTS the Government's motion to dismiss.

## Background[1]

Mr. Poblete is a U.S. citizen and a resident of the District of Columbia. Prop. Am. Compl. at 1. In his complaint, Mr. Poblete appears to name four defendants: the United States, the District of Columbia, the Superior Court of the District of Columbia Landlord

---

[1] The Court draws the facts as stated in the Background section of this Opinion from the Proposed Amended Complaint, cited herein as "Prop. Am. Compl." For purposes of the pending motions, these facts are assumed to be true.

7017 1450 0000 1346 0560

Tenant Branch, and Residential Credit Opportunities Trust. Id. He alleges that each of these defendants committed trespass against him and his estate by initiating foreclosure proceedings on his home and ultimately evicting him. Id. at 4. Mr. Poblete further alleges that the Superior Court of the District of Columbia committed the tort of attempted kidnapping and violated his First Amendment right to free speech after the judge in a foreclosure-related hearing did not allow him to ask a question after the hearing had concluded and allegedly threatened to hold him "in the custody of the court" if he did not leave the courtroom. Id. at 3–4.

Mr. Poblete argues that his claims are properly brought before this Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and asks the Court to resolve the following questions accordingly:

(a) If any treaties have been violated?
(b) If any constitutional violations have occurred?
(c) If there are any federal statutes or codes being violated?
(d) Since . . . [Mr. Poblete] has not waived any of [his] rights and immunities knowingly[, if Mr. Poblete's] rights and immunities have been violated by this foreign corporation and its agencies?
(e) Is this foreign corporation in violation of [E]xecutive Order 13132, signed August 4, 1999?

Prop. Am. Compl. at 4.

Mr. Poblete filed his original complaint with the Court on August 4, 2017. Dkt. No. 1. A few days later, on August 17, 2017, Mr. Poblete moved to amend his complaint pursuant to RCFC 15(a)(1) and 15(a)(2). Dkt. No. 5. The Government opposed Mr. Poblete's motion to amend on September 5, 2017, Dkt. No. 6, and moved to dismiss his original complaint on October 5, 2017. Dkt. No. 9. The parties completed briefing on all pending motions on December 7, 2017, and the Court has deemed oral argument unnecessary.

## Discussion

### Mr. Poblete's Motion to Amend His Complaint

A party may amend its complaint under RCFC Rule 15(a)(1) as a matter of course within either 21 days after service of the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier." Additionally, a party may amend its complaint under RCFC Rule 15(a)(2) with the Court's leave, which should be given "when justice so requires." Courts construe this language liberally, and generally grant leave to amend barring any "apparent or declared reason" not to permit amendment. A & D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1158 (Fed. Cir. 2014)

(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court should deny leave to amend if there is evidence of delay, bad faith, repeated failure to correct a complaint's deficiencies, undue prejudice to the opposing party, or if the amendment would be futile. Id.

While Mr. Poblete's motion to amend his complaint falls within the time frames dictated by RCFC 15(a)(1), the Court may nevertheless deny Mr. Poblete's motion under RFCF 15(a)(2) if there is evidence of delay, bad faith, repeated failure to correct a complaint's deficiencies, undue prejudice to the opposing party, or if the amendment would be futile. A & D Auto Sales, 748 F.3d at 1158. Here, there is no evidence of bad faith or undue delay by Mr. Poblete, and this is his first request to amend his complaint. Further, the Government does not argue that it would be unduly prejudiced if Mr. Poblete were granted leave to amend his complaint. Indeed, the amendments Mr. Poblete proposes mostly serve to add details to factual allegations in the original complaint. Instead, the Government argues that Mr. Poblete should not be granted leave to amend because his proposed amendments would be futile. Therefore, this Court's analysis will focus entirely on whether Mr. Poblete's proposed amendments would be futile.

A proposed amendment is futile if it would not survive a motion to dismiss. Meyer Grp., Ltd. v. United States, 115 Fed. Cl. 645, 650 (2014). Accordingly, "the party seeking leave must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." Id. (quoting Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)) (internal punctuation omitted). Here, the Government argues that the amendments would be futile because they would not survive a motion to dismiss brought under RCFC 12(b)(1). Specifically, the Government argues that the Court lacks subject matter jurisdiction over Mr. Poblete's proposed amended complaint because (1) the Court does not have jurisdiction over claims brought under the APA; (2) the Court does not have jurisdiction over the District of Columbia or its agencies; and (3) Mr. Poblete has failed to identity a separate money-mandating source of law entitling him to relief. See Def.'s Resp. at 3–4. The Court will examine each of the Government's arguments in turn.[2]

---

[2] Mr. Poblete did not provide the Government with a copy of his amended complaint. See Def.'s Resp. at 2. However, the Government argues that Mr. Poblete's original complaint "makes clear that [the] Court lacks jurisdiction over his claims, and no amendment could cure the jurisdictional defects." Id. Indeed, Mr. Poblete's original complaint and his amended complaint are essentially the same, save for the addition of a tort claim and First Amendment claim against the Superior Court of the District of Columbia in his amended complaint. See Prop. Am. Compl. at 3–4. The Court will address these additional claims in Part I.C of this Opinion.

I.    The Court Lacks Subject Matter Jurisdiction Over Mr. Poblete's Claims.

   A. Standard of Review

   The Government argues that this Court lacks subject matter jurisdiction over Mr. Poblete's amended complaint.   Therefore, the Court's analysis of the Government's jurisdictional argument is substantially the same as it would be for a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1).

   The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998).  Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).  Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014).  When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007).  Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Id. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972).

   B. Claims Brought Under the APA

   Mr. Poblete asserts that this Court has jurisdiction to hear his claims under the APA, 5 U.S.C. § 702, which states, in relevant part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant state, is entitled to judicial review thereof.  An action in a court of the United States seeking relief other than money damages and stating a claim

4

that an agency or officer or employee thereof acted or failed to
act in an official capacity or under color of legal authority shall
not be dismissed nor relief therein be denied on the ground that
it is against the United States or that the United States is an
indispensable party.

5 U.S.C. § 702. However, this Court lacks jurisdiction to hear claims brought under the
APA because the APA is not a money-mandating statute. See Martinez v. United States,
333 F.3d 1295, 1313 (Fed. Cir. 2003). Rather, the APA provision Mr. Poblete points to
waives sovereign immunity only for claims seeking "relief *other than* money damages." 5
U.S.C. § 702 (emphasis added). As this Court's jurisdiction under the Tucker Act is limited
to claims for monetary relief, except for limited circumstances not applicable here, the
APA fails to grant this Court both subject matter jurisdiction over Mr. Poblete's claims and
the authority to answer the questions he poses at the end of his complaint. See Prop. Am.
Compl. at 4.

## C. Claims Against the District of Columbia and Its Agencies

This Court only has jurisdiction to entertain claims against the United States. 28
U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public
Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names
private parties, or local, county, or state agencies, rather than federal agencies, this court
has no jurisdiction . . . ."); Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) ("It is well
settled that the United States is the only proper defendant in the Court of Federal Claims.").
Here, in addition to the United States, Mr. Poblete appears to name the District of
Columbia, the Superior Court of the District of Columbia Landlord Tenant Branch, and
Residential Credit Opportunities Trust as defendants. As this Court does not possess
jurisdiction over claims against the District of Columbia, District of Columbia officials and
agencies, or private organizations, Mr. Poblete's complaint fails to meet the foundational
jurisdictional requirement that the United States be the defendant, and the only defendant.[3]

Further, this Court lacks jurisdiction to hear Mr. Poblete's tort claim against the
Superior Court of the District of Columbia for attempted kidnapping and his constitutional
claim that the Superior Court violated his First Amendment right to free speech. The Court
of Federal Claims does not have the authority to hear claims that sound in tort. 28 U.S.C.
§ 1491(a)(1); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993). The Federal
Tort Claims Act grants jurisdiction to hear tort claims exclusively to federal district courts.
28 U.S.C. § 1346(b)(1). Moreover, the Court lacks jurisdiction over First Amendment
violations because monetary damages are not available under this provision of the U.S.
Constitution. United States v. Connolly, 716 F.2d 882, 886–87 (Fed. Cir. 1983).

---

[3] The Court also notes that contrary to Mr. Poblete's assertions, the District of Columbia and its courts are
not agents of the United States. See Sindram v. United States, 67 Fed. Cl. 788, 794 (2005).

D. Absence of Money-Mandating Statute or Contract

Finally, the Court notes that Mr. Poblete fails to identify any separate money-mandating statute or contract anywhere in his complaint that would entitle him to relief. As such, this Court lacks jurisdiction over Mr. Poblete's claims.

II.  Conclusion

The Court finds Mr. Poblete's claims in his Proposed Amended Complaint to be futile because they do not fall under the Court's subject matter jurisdiction. Therefore, Mr. Poblete's motion to amend his complaint is DENIED.

The Government's Motion to Dismiss

The Government has moved to dismiss Mr. Poblete's original complaint. See Dkt. No. 9. The Government's arguments in support of its motion to dismiss and its arguments in opposition to Mr. Poblete's motion to amend are essentially the same, as Mr. Poblete's amended complaint merely adds details to factual allegations made in his original complaint—except for adding tort and First Amendment claims against the Superior Court of the District of Columbia, over which this Court lacks jurisdiction. Thus, for the same reasons explained in Part I of this Opinion, the Government's motion to dismiss Mr. Poblete's original complaint for lack of subject matter jurisdiction is GRANTED.

Conclusion

For the reasons stated above, Mr. Poblete's motion to amend his complaint is DENIED and the Government's motion to dismiss is GRANTED. The Clerk of the Court shall enter judgment accordingly. No costs.

IT IS SO ORDERED.

_Thomas C. Wheeler_
THOMAS C. WHEELER
Judge